**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Radiation Therapy Management Services Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>Translation Research Management LLC,<br><br>Defendant. | No. CV-15-01138-PHX-DGC<br><br>**ORDER** |

Defendant Translational Research Management, LLC filed a motion to dismiss. Doc. 24. The motion is fully briefed, and no party has requested oral argument. The Court will grant Defendant's motion in part and deny it in part.[1]

**I.   Background.**

In February of 2012, Arizona Radiation Therapy Management Services ("ARTMS") engaged Translational Research Management ("TRM") to find medical practitioners to carry out a cancer treatment research program. Doc. 1, ¶ 5. ARTMS agreed to advance TRM $6,000 per practitioner to cover program set-up costs ("Credential Advances"). *Id.*, ¶ 9. Credential Advances were to be repaid by TRM within six months, regardless of whether participating practitioners generated sufficient revenue to cover them. *Id.*, ¶¶ 11, 13.

---

[1] Plaintiffs' memorandum does not follow the font and format requirements of LRCiv 7.1(b)(1). Plaintiff also failed to file a text-searchable version of its complaint as required by the Court. Plaintiffs' counsel shall comply with the Court's local rules and CMECF procedures in all future filings. Defendant has not complied with this Court's order at Docket 10. Defense counsel shall comply with all Court orders in the future.

The research program generated additional fees and costs that were paid to ARTMS or TRM by the participating practitioners ("Research Fees"). *Id.*, ¶ 15. TRM was required to deposit all Research Fees it received into an ARTMS account. *Id.*, ¶ 15. ARTMS agreed to pay 50% of those Research Fees to TRM ("Service Fees"). *Id.* at 11. TRM was required to provide a monthly accounting of all Research Fees deposited, *id.*, ¶ 16, as well as all Service Fees that should be paid to TRM, *id.* at 11-12. ARTMS terminated the contract on August 13, 2014. *Id.*, ¶ 18. It now alleges that TRM failed to refund all Credential Advances and failed to deposit all Research Fees. *Id.*, ¶ 23.

ARTMS filed its complaint on June 18, 2015, seeking payment of outstanding Credential Advances and Research Fees under four legal theories: (1) breach of contract; (2) promissory estoppel; (3) conversion; and (4) an accounting. *Id.*, ¶¶ 20-41.

**II.   Legal Standard.**

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Securities Litigation*, 610 F.3d 1103, 1108 (9th Cir. 2010). To avoid a Rule 12(b)(6) dismissal, the complaint must plead enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

**III.   Analysis.**

Defendant argues that the Court should stay Count I pending mediation. Doc. 25 at 11-12. It asks the Court to dismiss Count II because an express contract exists between the parties. *Id.* at 5-6. It argues the Court should dismiss Count III because the complaint

fails to plead conversion and the economic loss rule bars recovery. *Id.* at 6-10. Finally, it argues the Court should dismiss Count IV because actions for accountings are reserved for parties in a fiduciary relationship. *Id.* at 10-11.

### A. Motion to Stay Contract Claim.

Defendant argues that the breach of contract claim should be stayed because the contract contains a mediation clause. Doc. 25 at 12. Defendant argues that because no mediation has occurred, the Court should stay the litigation and compel mediation. *Id.* Plaintiff responds that nothing in the contract "makes formal mediation mandatory, discretionary, or otherwise." Doc. 26 at 9.

Defendant relies on *United States v. Sundt Construction*, No. CV-07-673-PHX-LOA, 2007 WL 1655976 (D. Ariz. June 7, 2007), where the mediation and arbitration provisions used words such as "shall" and provided substantial detail about which mediation rules to apply, which arbitration rules to apply if mediation failed, and who should hear the arbitration. *Id.* at *1. The contract also expressly provided that "[t]he party commencing the suit agrees to stay court proceedings pending arbitration under this Agreement." *Id.* at *2.

The contract in this case includes only one relevant sentence: "In the event of any controversy or dispute related to or arising out of this Agreement, the parties agree to meet and confer in good faith to attempt to resolve the controversy or dispute without an adversary proceeding." Doc. 1 at 18. This sentence lacks the detail and mandatory language found in *Sundt*. The sentence does not mention mediation, and it contains no agreement that the party commencing suit would stay the action pending mediation. What is more, Plaintiff's response describes several communications in which Plaintiff sought Defendant's agreement to pay the amounts owed, allegedly without success. Doc. 26 at 7-8. The Court will not stay Count I pending mediation.

### B. Count II – Promissory Estoppel.

Defendant argues that promissory estoppel cannot be pursued where there is an express contract covering the subject matter at issue. Doc. 25 at 5. Defendant also

argues that "ARTMS cannot establish it justifiably relied upon promises made by TRM outside of the Agreement." *Id.* at 6. Plaintiff argues that "promissory estoppel 'is a proper claim for relief as an alternative to the contract claim.'" Doc. 26 at 12 (citing *Arok Constr. Co. v. Indian Constr. Serv.*, 848 P.2d 870, 878 (Ariz. Ct. App. 1993)).

"[A] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." Restatement (Second) of Contracts § 90. Under Arizona law, "[t]here can be no implied contract where there is an express contract between the parties in reference to the same subject matter." *Chanay v. Chittenden*, 563 P.2d 287, 290 (1977). Claims that Plaintiff relied upon promises outside the subject matter of the contract must be specifically plead. *See Tiffany Inc. v. W.M.K. Transit Mix, Inc.*, 493 P.2d 1220, 1224 (Ariz. Ct. App. 1972).

In *Arok Construction*, the parties disagreed on whether a contract existed and the court allowed a promissory estoppel claim "as an alternative to the contract claim." *Id.* Here, Defendant does not dispute the existence of the contract. Promissory estoppel cannot be asserted, therefore, unless it is based on a promise outside the contract. *See Chanay*, 563 P.2d at 290. Plaintiff alleges no such extra-contract promise, but instead seeks to enforce the promises made in the agreement. *See* Doc. 1 ¶¶ 28-33 (alleging only that ARTMS breached promises made in the contract). Plaintiff has failed to plead any facts giving rise to a promissory estoppel claim. *See Tiffany*, 493 P.2d at 1224 (requiring that claims of reliance on promises outside the contract must be affirmatively pleaded). The Court will grant Defendant's motion to dismiss Count II.

**C.  Count III – Conversion.**

Defendant argues that Plaintiff cannot establish the facts necessary for conversion of money. Doc. 25 at 6-8. Defendant also argues that the economic loss rule precludes conversion. Doc. 25 at 8-10.

Conversion is "an act of wrongful dominion or control over personal property in

denial of or inconsistent with the rights of another." *Case Corp. v. Gehrke*, 91 P.3d 362, 365 (Ariz. Ct. App. 2004) (internal citation omitted). "To maintain an action for conversion, a plaintiff must have had the right to immediate possession of the personal property at the time of the alleged conversion." *Id.*

Money is not the proper subject of a conversion claim when the claim is used merely "to collect on a debt that could be satisfied by money generally." *Id.*; *see also Autoville, Inc. v. Friedman*, 510 P.2d 400, 403 (Ariz. 1973). "'When there is no obligation to return the identical money, but only a relationship of debtor or creditor, an action for conversion of the funds representing the indebtedness will not lie against the debtor.'" *Liberty Life Ins. Co. v. Myers*, No. CV 10-2024-PHX-JAT, 2013 WL 530317, at *13 (D. Ariz. Feb. 12, 2013) (quoting *Lyxell v. Vautrin*, 604 F.2d 18, 21 (5th Cir.1979)). To maintain an action for conversion of money, therefore, a plaintiff must establish that "the money can be described, identified or segregated, and an obligation to treat it in a specific manner is established." *Gehrke*, 91 P.3d at 365 (quotation marks and citation omitted).

Plaintiff has failed to state a claim for conversion. Plaintiff does not identify or describe specific funds held by Defendant, or allege that specific moneys were segregated. Plaintiff alleges categories of fees that were to be deposited in an account and the contractual obligations of Defendant, but does not allege the existence of specific moneys in the account. *See Liberty*, 2013 WL 530317 at *14 (allegation that $478,651 remained in a trust as of 2008 adequately described the property for purposes of conversion). Plaintiff merely asks the Court to award "all unpaid Credentialing Advances and Research Fees." Doc. 1 at 6. This is a claim for money where the "debt . . . could be satisfied by money generally." *See Liberty*, 2013 WL 530317 at *13.

### D.    Count IV – Accounting.

Defendant argues that the claim for an accounting should be dismissed because Plaintiff has failed to allege a breach of any fiduciary relationship. Doc. 25 at 10. "Parties to a fiduciary relationship have a right to an accounting." *Dooley v. O'Brien*,

- 5 -

244 P.3d 586, 592 (Ariz. Ct. App. 2010).

Plaintiff does not allege a fiduciary relationship. The complaint refers only to a failure to "account for all proceeds received in connection with the Agreement." Doc. 1, ¶ 40. The parties' agreement specifically states that they are not entering into a partnership or joint venture, which could give rise to fiduciary duties. Doc. 1 at 16. Although the parties' contract states that Defendant will account for funds collected and deposited, Plaintiff cites no authority showing that such a contract term, in the absence of fiduciary duties, entitles Plaintiff to the remedy of an accounting. The Court will dismiss the claim for an accounting.

### E. Leave to Amend.

Plaintiff seeks leave to amend. This step potentially could have been avoided if Defendant had complied with the order at Docket 10.

The Court is concerned about motion practice resulting in unwarranted attorneys' fees in this relatively modest case. Plaintiff seems to have whatever remedy it needs under the breach of contract claim, and the Court has difficulty understanding why further amendment would be justified, especially if it would be followed by another motion to dismiss. Plaintiff should raise this issue for discussion at the case management conference scheduled for November 10, 2015.

**IT IS ORDERED** that Defendant's motion to dismiss (Doc. 24) is **granted in part** and **denied in part**. Plaintiff's claims for promissory estoppel, conversion, and an accounting are dismissed, but the request for a stay is denied.

Dated this 22nd day of October, 2015.

_____
David G. Campbell
United States District Judge